IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **MARGO SIMMONS, individually and on behalf of all others similarly situated,**  *Plaintiff*,  v.  **WP LIGHTHOUSE LLC**  *Defendant.* | Case No. 24-cv-1602  **Judge Sarah Evans Barker**  **Magistrate Judge M. Kendra Klump** |

**PLAINTIFF OPPOSITION TO
MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Plaintiff, Margo Simmons, ("**Ms. Simmons**"), files this Opposition to Motion to Withdraw as Counsel for Defendant WP Lighthouse, LLC ("**WP Lighthouse**") (the "**Motion**").

Unfortunately, this is not the typical withdrawal of counsel attempt where a lawyer has no other involvement in a case but for the fact that they have not been paid and intends to spend their time elsewhere in their practice. Here, Mr. Morse is (a) the subject of a pending Order for sanctions and (b) as recently as yesterday was found to be engaged in an ill-fated attempt at fraud on the parties and the Court where he admitted to *forging his client's signature* in supplemental interrogatories in an attempt to comply with the Court's prior Order compelling discovery. Mr. Morse only admitted to such when counsel for the Plaintiff confronted him with this fact while the parties were meeting and conferring regarding the Defendant's insufficient supplemental responses to the Court's Order.

It is certainly possible, or even likely, that Mr. Morse should be permitted to withdraw from this case in the future, but given the outstanding issues involving Mr. Morse's conduct, that time is not now. As such, the motion should be denied.

1

**Argument**

**A. Mr. Morse is the Subject of a Pending Sanctions Motion and Unfortunately has Committed Other Malfeasance Following the Sanctions Order.**

The Court is well familiar with the procedural history of this matter and the Plaintiff does not desire to belabor the point, but a brief overview is necessary for the benefit of Plaintiff's position in this motion.

   **1. Defendant's Counsel takes an Untenable 5th Amendment Position and the Court Awards Sanctions, which are Outstanding and Potentially Collectible from Defendant's Counsel as this Court Recognized in the Order.**

For many months in this case, the Defendant didn't produce any documents or provide basic information about its telemarketing program, which Plaintiff's third-party discovery efforts have since revealed included tens of thousands of calls to numbers on the National Do Not Call Registry and no evidence of consent to make those calls. Instead before the parties had any of this information, Mr. Morse took the position that *all* of the information sought in discovery was protected by the 5th Amendment. He provided no such case law for that position. Following numerous conferences and briefing, the Court entered the following Order and awarded sanctions:

> In light of the case law discussed above as well as the numerous conferences on this issue, the Court does not find that Defendant's objections to production and the position taken in its response brief were substantially justified.

*See* ECF No. 34 at *9.

The outstanding sanctions award is potentially collectible from Mr. Morse's law firm:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or **attorney advising that conduct, or both** to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

*See* Fed. R. Civ. P. 37(c)(5) (emphasis added). "Federal courts frequently award Rule

2

37 sanctions against both the attorney personally and the attorney's law firm." *Nukote Intl Inc. v. Off Depot, Inc.*, 2015 U.S. Dist. LEXIS 913, 2015 WL 71566, at *9 (S.D. Fla. Jan. 6, 2015). "Moreover, awarding Rule 37 sanctions against a law firm, even where the acts were committed by one attorney, is within the Court's discretion." *Penta v. Costco Wholesale Corp.*, 2016 U.S. Dist. LEXIS 39584, 2016 WL 1171612, at *5 (E.D.N.Y. Mar. 25, 2016). Indeed, this Court's Order stated that Defendant's counsel may be responsible for the sanctions, "Defendant shall have until …to show cause why Defendant, **<u>Defendant's counsel, or both</u>** should not be required to pay the costs and fees incurred by Plaintiff." *See* ECF No. 34 at *9-10 (emphasis added).

"Courts seek to allocate sanctions between the attorney and the client according to their relative responsibility" for Rule 37 violations. *Borowski v. DePuy, a Div. of Boehringer Mannheim Co.*, 850 F.2d 297, 305 (7th Cir. 1988). Here, it seems incredibly unlikely that the Defendant itself, an entity that Defendant's counsel has labeled as "unsophisticated" during discovery conferences, directed their counsel to assert a novel constitutional challenge as a discovery tactic. In any event, the parties can brief that issue at the appropriate time, but for this reason alone, Mr. Morse should not be permitted to withdraw while that matter remains pending. *See e.g. Moten v. Insinkerator*, 2021 U.S. Dist. LEXIS 108721, *12 (E.D. Wi.) (motion to withdraw as attorney is denied while sanctions motion is pending); *D'Ottavio v. Slack Techs.,* 2019 U.S. Dist. LEXIS 64069, *8 (D. NJ.) ("Counsel may refile their motion to withdraw as counsel, if they choose, after Plaintiff has complied with the Court's order.")

> **2. Defendant's Counsel Provides Limited Information Required by the Court's Order and *Forges his Client's Signature* on the Supplemental Interrogatory Responses.**

Unfortunately, the situation gets worse. On May 7, 2025, the Defendant provided some supplementation of their discovery responses. In that same e-mail, Mr. Morse requested a 3-week

extension to provide a further supplement to the discovery responses. *See* <u>Exhibit 1</u>.[1] These were inadequate for several other reasons, as outlined in Plaintiff's counsel's May 8, 2025 meet and confer request. *Id.*[2] The parties set a meet and confer for May 16, 2025.

Mr. Morse then filed his motion to withdraw on May 15, 2025. *See* ECF No. 39. To prepare for the meet and confer the following day Plaintiff's counsel reviewed that motion, which discloses that "the undersigned counsel has not received a responsive communication from WPL since <u>April 23</u>, 2025." *See* ECF No. 39 at *1 (emphasis added). Plaintiff's counsel inquired with Mr. Morse if that was true during the meet and confer, and he confirmed that it was. As a result, Plaintiff's counsel requested clarification on how the Defendant had verified the discovery responses on <u>May 7</u>, two weeks after the last time the Mr. Morse had heard from his client. The communication ended shortly thereafter, but Mr. Morse sent an e-mail later that night, which stated, "I realize that I made a mistake when I affixed Mr. Jaguines' signature without further specific authorization from him to do so." *See* <u>Exhibit 2</u>. Unfortunately, this situation was not addressed by Defendant's counsel until Plaintiff's counsel raised it during the meet and confer and had indicated hours earlier the intention to bring it before the Court. *See* <u>Exhibit 3</u>.

Frankly, Plaintiff's counsel is still researching the appropriate remedy to address this situation, but submits that Mr. Morse should not be permitted to withdraw while this issue remains pending.

---

[1] Based on the filings then submitted, it is unclear if Mr. Morse ever intended to provide such documents.

[2] That same day, Mr. Morse sent the e-mail to his client attached to his motion that he intended to withdraw because of a "breakdown in the attorney-client relationship". There is then redacted text in the e-mail, and the redaction is submitted without explanation.

### 3. During the Meet and Confer, Defendant's Counsel Acknowledged that he had Redacted Certain Communications Produced in Discovery without a Privilege Log. The Privilege Log was Provided on May 16, 2025 and the Parties Still have a Dispute Regarding that Production. As such, Withdrawal is Premature.

Not surprisingly, Mr. Morse did not have any information on the meet and confer regarding his client's intention to comply with the Court's Order, which has been largely ignored. However, Plaintiff's counsel did point out that Mr. Morse himself had redacted several passages in the few pages of documents without a clear basis for doing so. Mr. Morse's position on the meet and confer was that such contents were his work product, which counsel for the Plaintiff raised had been shared with third parties in the very e-mail where the information was redacted. Work product protection is waived by disclosure to a third party when that disclosure substantially increases the opportunities for potential adversaries to obtain the information. *See Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1025 (7th Cir. 2012). Here, the Defendant shared that information with the call center that it claimed was responsible for the conduct. In other words, it shared that information with the company that engaged in the unlawful calling, a sure target of the Plaintiff in litigation now that they have been disclosed following the Court Order.

In any event, Mr. Morse had failed to provide a privilege log so that assertion could be reviewed. After Plaintiff's counsel raised the issue, Mr. Morse did provide a privilege log on May 16, 2025. *See* <u>Exhibit 4</u>. However, counsel for the Plaintiff has requested a meet and confer because he intends to move to compel that information. As such, Mr. Morse should not be permitted to withdraw while that issue remains pending. *See Reidt v. Advanced Mktg. & Processing, Inc.,* 2023 U.S. Dist. LEXIS 218984, *8-9 (N.D. Ill.) ("allowing Protect My Car's counsel to withdraw without a successor in place would be to halt all discovery before it begins…To allow the case to

5

proceed efficiently, the court will **deny** the motion to withdraw for now").

### B. Given the Pending Obligations to the Court from Counsel, the Plaintiff Opposes Withdrawal. Furthermore, the Plaintiff Opposes Withdrawal which would Permit a "Strategic Default" by the Defendant.

Once the above infirmaries are addressed, Ms. Simmons does not oppose the motion if WP Lighthouse intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. However, "the ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw from a case if 'good cause for withdrawal exists.'" *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule 1.16(b)(7)). Here, WP Lighthouse cannot establish that "good cause" because of (a) the outstanding discovery issues and (b) the prejudice to the Plaintiff that has occurred due to WP Lighthouse securing extensions to comply with the Court Order, abandoning those responses, and the fact that they have not indicated that they intend to retain new counsel. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice to third parties--who might have more to lose than the unpaid lawyer--is another potential ground for denying a motion to withdraw." *Id.*

If WP Lighthouse does not intend to engage new counsel and defend the case, WP Lighthouse would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589

(2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford WP Lighthouse a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data are the <u>key</u> evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and

commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."). If current counsel withdraws and is not replaced and WP Lighthouse defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Ms. Simmons will be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by WP Lighthouse.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Ms. Simmons and the members of the putative class.

### Conclusion

Based on the foregoing, counsel for the Plaintiff requests that the motion be denied.

Dated:  May 17, 2025                                                By: */s/ Anthony I. Paronich*
                                                                                    Anthony I. Paronich

8

Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed through the Court's CM/ECF system.