IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **MARGO SIMMONS, individually and on behalf of all others similarly situated,**  *Plaintiff*,  v.  **WP LIGHTHOUSE LLC**  *Defendant.* | **Case No. 24-cv-1602**  **Judge Sarah Evans Barker**  **Magistrate Judge M. Kendra Klump** |

### PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THIS COURT'S APRIL 22, 2025 ORDER

In granting the Plaintiff's Motion to Compel, this Court ended its Order:

> The Court has granted Plaintiff's Motion in full. In light of the case law discussed above as well as the numerous conferences on this issue, the Court does not find that Defendant's objections to production and the position taken in its response brief were substantially justified. For these reasons, Plaintiff is ORDERED to submit a motion within fourteen (14) days of this Order detailing its fees and costs incurred in filing her Motion.

*See* ECF No. 34 at *9. Plaintiff's counsel does so below and also details why (a) that award should be levied against counsel for the defendant[1] (b) the sanction should be ongoing because the Defendant has still not complied with the Court's Order; and (c) he should receive an award for the time spent preparing this motion.

### BACKGROUND

On March 12, 2025, Plaintiff filed a Motion to Compel seeking to compel Defendant WP Lighthouse LLC to provide full and complete responses to Interrogatories Nos. 2, 3, 7, and 8,

---

[1] The Court recognized as much in its Order "Defendant shall have until on or before May 16, 2025 to show cause why Defendant, **Defendant's counsel, or both** should not be required to pay the costs and fees incurred by Plaintiff." *Id.* (emphasis added).

1

and Document Request Nos. 5, 8, 9, and 14. These discovery requests sought information relevant to establishing vicarious liability, damages, and class certification in this Telephone Consumer Protection Act (TCPA) case. The Court granted the motion on April 22, 2025, finding that Defendant's objections, including an unsubstantiated Fifth Amendment privilege claim, were not substantially justified.

## STANDARD

Determining what attorneys' fees are reasonable is a "contextual and fact-specific" inquiry. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The party seeking fees must submit appropriate documentation to meet the burden of establishing entitlement to a fee award. *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011).

## ARGUMENT

**I.     Plaintiff's Counsel Should be Awarded $7,995.00 in Connection with the Court's Order.**

Plaintiff's counsel spent just over 10 hours (10.66) preparing the motion to compel and reply in support. *See* Exhibit 1, Declaration of Anthony Paronich at ¶ 8. At an hourly rate of $750, the total amount being sought is $7,995. *Id.* at ¶ 9. That time does *not* include the time spent preparing for or attending any argument during the multiple discovery conferences the parties engaged in. *Id.* at ¶ 10. The hourly rate of $750 for TCPA class action work was approved by another federal court last month in *Williams v. PillPack LLC*, Civil Action No. 19-cv-5282, ECF No. 350 (W.D. Wa.). Notably, the $750 hourly rate included work that was as old as 2019 in that matter. Plaintiff's counsel seeks the same award here for work done more than 6 years later. Indeed, as Plaintiff's counsel's declaration makes clear, he has been appointed as class counsel in more than 50 TCPA cases and has been doing TCPA class actions as his nearly exclusive practice since 2010. *See* Declaration of Anthony Paronich at ¶¶ 1-7. Furthermore, one

2

of Plaintiff's counsel's peers on the defense bar in TCPA cases has labeled him as the third best TCPA plaintiff's lawyer in the country for three years in a row. *See* https://tcpaworld.com/2025/03/18/2025-power-rankings-are-here-who-are-the-top-10-tcpa-plaintiffs-lawyers-out-there-find-out-now/ (Last Visited May 18, 2025). Plaintiff's counsel does not submit this for puffery, but instead to point out that the same peer on the TCPA defense bar has advertised an hourly rate of $1,400[2] and has said on some matters his hourly rate is as high as $4,000 an hour in 2025.[3] As such, the hourly rate requested by Plaintiff's counsel here is more than reasonable. "The reasonable hourly rate for an attorney is the market rate for her services." *See Fogle v. William Chevrolet/Geo, Inc.*, 275 F.3d 613, 615 (7th Cir. 2001). "[A]n attorneys market rate includes evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Spegon v. Catholic Bishop of Chic.*, 175 F.3d 544, 555 (7th Cir. 1999). The Seventh Circuit has explained that an attorney's actual billing rate is presumptively the best measure of the market rate for her services. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (citing *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)).

Finally, when addressing a reasonable fee award, the context of the attorney's experience in a specific field in important. As Plaintiff's counsel's declaration explains, he has been engaged in TCPA practice almost exclusively for 15 years. *See* Exhibit 1. This framework is important

---

[2]*See* https://tcpaworld.com/2024/09/17/fair-warning-troutman-amin-llp-rates-are-set-to-spike-next-year-so-get-in-now/. (Last Visited May 18, 2025).

[3] *See* https://tcpaworld.com/2025/03/03/march-match-madness-this-month-only-troutman-amin-llp-will-match-the-rates-for-most-any-biglaw-firm-when-you-transfer-a-tcpa-class-action-defense. (Last Visited May 18, 2025).

when considering he seeks an application of 10.66 hours for two briefs that themselves were 15 pages (approximately .7 hours a page).

## II.     Defendant's Counsel Should also be Liable to Pay the Sanction.

The sanction should be assessed against the Defendant and his counsel jointly and severally. *See Roadway Express v. Piper*, 447 U.S. 752, 763-64, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) ("Both parties and counsel may be held personally liable for expenses, including attorney's fees, caused by the failure to comply with discovery orders. Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.") (internal quotations, alterations omitted); *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 470 (7th Cir. 1984) (holding plaintiff and plaintiff's counsel jointly liable for $10,802.08 in reasonable expenses, including attorneys' fees, caused by discovery violation).

Indeed, Mr. Morse played a material role in the delay and unjustified position taken. It seems incredibly unlikely that the Defendant itself, an entity that Defendant's counsel has labeled as "unsophisticated" during discovery conferences, directed their counsel to assert a novel constitutional challenge as a discovery tactic. Furthermore, as Mr. Morse recently conceded, he inserted his client's signature without their authorization to the supplemental interrogatories provided. In short, Defendant's counsel is not the victim of his client in this matter. He (a) took an untenable constitutional position that delayed discovery (and now claims he can't reach his client, so there are substantial consequences to the delay) and (b) made the decision himself to insert his client's signature without authorization. A fact that would have never come to light if Plaintiff's counsel hadn't continued to pursue the deficient responses, as discussed below.

### III.  The Sanction Should Potentially be Ongoing.

As highlighted by the Plaintiff's meet and confer attempt following the Defendant's supplemental production and his recent opposition to the motion to withdraw (ECF No. 40), there are substantial issues with the Defendant's supplemental responses to the Court's Order, including:

- Interrogatory No. 2 does not identify the source of the telephone numbers.
- Interrogatory No. 7 fails to *"state all facts in support of the same"*.
- Interrogatory No. 8 does not *"Identify all communications"*, it simply lists the other party to those communications.
- For RPD No. 5, "discovery is ongoing" is not an appropriate response to documents that have been compelled. All Do Not Call Requests, complaints and correspondence regarding the same should be produced.
- RPD No. 8 does not agree to produce the documents with sufficient specificity as "To the extent Defendant has documents responsive to this Request…" is insufficient. There has been one agreement produced, but that does not comprise "all" contracts or documents representing agreements, that should include all invoices, payments and correspondence regarding payments.
- RPD No. 9 does not agree to produce the documents with sufficient specificity as "To the extent Defendant has documents responsive to this Request…" is insufficient. Furthermore, I understand from the below that some of the correspondence needs to be translated, but what about e-mails, text messages, letters, Skype, etc.?
- Furthermore, please explain the basis for the redact[ions] in the documents provided. No log was produced.
- Also, is your client's claim that the last correspondence with the third party was in January of this year?
- We also intend to challenge the confidential designation of the interrogatories. We don't believe identification of parties is properly confidential.

*See* Exhibit 2. Furthermore, Mr. Morse as recently as two days ago was found to be engaged in an ill-fated attempt at fraud on the parties and the Court where he admitted to forging his client's signature in the supplemental interrogatories in an attempt to comply with the Court's prior Order compelling discovery. *See* ECF No. 40. Mr. Morse only admitted to such when counsel for the Plaintiff confronted him with this fact while the parties were meeting and conferring regarding the Defendant's insufficient supplemental responses to the Court's Order. *Id.*

In short, WP Lighthouse has not complied with the Court's Order and "doubled down" on its violative conduct, including by forging a signature to supplemental interrogatories. As such, any further work required by Plaintiff's counsel to ensure compliance with this Court's Order is properly subject to further potential fee awards. *See e.g. Ropak Corp. v. Plastican, Inc.,* 2006 U.S. Dist. LEXIS 63224, *12 (N.D. Ill.) ("Initially, after finding that the defendant engaged in discovery abuse by delaying production and by taking various untenable positions the court sanctioned the defendants on the record…Later, after finding that the defendant stonewalled discovery…[the Court] awarding attorneys fees").

**IV.     Plaintiff's Counsel Should be Awarded $4,500.00 for Preparing this Motion.**

Rule 37 is a "fee-shifting rule," under which "[t]he winner is entitled to fees unless the opponent establishes that his position was 'substantially justified.'" *Rickels v. City of South Bend,* 33 F.3d 785, 787 (7th Cir. 1994). The Seventh Circuit has acknowledged that the award of expenses does not "omit[] expenses incurred in obtaining and defending an award". *Id.* "Because [Plaintiff's counsel] was entitled to attorneys' fees in connection with its motions to compel, it is also entitled to fees related to 'obtaining and defending' that award." *See Annie Oakley Enters. v. Amazon.com, Inc.,* 2022 U.S. Dist. LEXIS 26816, *18 (S.D. Ind. 2022). This is especially true, because the Plaintiff attempted to avoid further judicial intervention on this issue when he offered to accept payment from the Defendant or their counsel for the $7,995 amount prior to filing the motion. *See* Exhibit 2.

Defendant and their counsel ignored that request and Plaintiff's counsel was forced to draft this motion as a result and the "time spent prior to the filing of a discovery motion are properly included in a fee award under Rule 37," *see Senior Lifestyle Corp. v. Key Benefit*

*Administrators, Inc.*, 2020 U.S. Dist. LEXIS 117825, 2020 WL 3642511, at *6 (S.D. Ind. July 6, 2020) (*citing Rackemann v. LISNR, Inc.*, 2018 U.S. Dist. LEXIS 112467, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018). Plaintiff's counsel spent 6 hours drafting this motion and preparing the accompanying declaration and did not bill for redundancies in the recently filed opposition to the motion to withdraw as counsel. *See* Exhibit 1 at ¶ 11.

## CONCLUSION

For the reasons stated herein, the motion should be granted and appropriate costs should be levied.

Dated: May 18, 2025

PLAINTIFF,

By: */s/ Anthony I. Paronich*
Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
Email: anthony@paronichlaw.com